LEMMON, Judge,
concurs.
The toughest problem in this case is jurisdiction over the person.[1] This jurisdiction, which involves the power and authority of a state to enact and to enforce laws affecting a particular person, is based on a person’s meaningful presence in the state or on his sufficient minimum contacts with the state that an action against him does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Reverend Robert Askew, Michael’s father, testified that he brought Michael to River Oaks because a Florida psychiatrist recommended the effective drug program there. There was no thought of commitment at the time, and the subject arose only when Michael threatened a couple of weeks later to withdraw from the program (as he had done several times in Florida institutions) upon reaching the age of 18. When the River Oaks psychiatrist opined that Michael’s condition required him to remain there, commitment proceedings were instituted.
On the basis of this evidence the trial judge could reasonably have concluded that Michael was brought into Louisiana, without force or coercion, for the purpose of voluntary treatment in a drug program at a reputable institution, and not for the purpose of involuntary commitment. Therefore, this record does not establish a violation of R.S. 28:104.
On the related issue of jurisdiction over the person, Louisiana apparently had absolutely no basis for jurisdiction, legislative or judicial, when Michael and his father decided in Florida to accept the recommendation that Michael enter the drug program at the Louisiana hospital. However, once Michael willingly came to Louisiana and subsequently decided to abandon the program (in the face of the psychiatrist’s admonition to his parents that he would do anything to satisfy his drug habit), this state had a legitimate and substantial interest in the question of whether Michael should be committed involuntarily.
Judicial commitment is an exercise of the state’s police power which involves balancing an individual’s right to liberty and society’s right to peaceful enjoyment of life and property. Jurisdiction over the person in this commitment proceeding was properly based on Michael’s more-than-fleeting presence in the state, which had commenced voluntarily. Furthermore, because this presence in the condition described by the psychiatrist constituted a real and present danger to Louisiana citizens as potential victims of crimes committed to satisfy a drug habit, this state properly exercised its jurisdictional power and authority and ordered the commitment, not for the purpose of penal incarceration, but for the purpose of treatment (which by uncontradicted evidence was of excellent quality) and improvement of a mental condition.

. I have doubts that objections to jurisdiction over the person were waived when an appointed attorney requested a continuance at a time that the party himself had not been served in accordance with the statute.